BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO. v. OBERDER.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1897.)

No. 305.

1. BILL OF EXCEPTIONS.
Where a judge, in certifying a bill, provides that, if exceptions to certain testimony are relied upon in any appellate proceedings, "at least the direct examination of such witnesses must be produced before the appellate court, and in such appellate court the full charge, as given the jury, must be also produced," such a certificate does not amount to any settlement of the bill at all, and it cannot be considered.

2. SAME.
A bill of exceptions which the record says is a "substitute for first part of No. 9" cannot be considered, there being nothing to inform the court what No. 9 is.

3. SAME.
A bill of exceptions entitled "To be Substituted for Instruction No. 8" cannot be considered, it not being the office of a bill of exceptions to serve as an instruction.

4. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.
Where the servant seeks to charge the master for personal injuries resulting from a defect in the roof of a mine in which the servant was employed, the master cannot complain of an instruction that, in order to charge the servant with contributory negligence, the dangers and defects must have been so obvious and threatening that a reasonably prudent man would have avoided them.

5. SEALED VERDICT.
It was not error to authorize the jury, against the objections of defendant, to return a sealed verdict.

In Error to the Circuit Court of the United States for the District of Idaho.

W. B. Heyburn and John Garber, for plaintiff in error.

Albert Allen, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The record in this case contains five purported bills of exceptions. One, commencing on page 59, and ending on page 65, of the transcript, and purporting to give certain proceedings in the court below in respect to the deposition of William Williams and certain proceedings in respect to the testimony of William Powers, James Dougherty, and Joseph McDonald, is not signed by the judge, or otherwise certified. Another, commencing on page 65, and ending on page 82, of the transcript, concludes as follows:

"And the defendant hereby presenting the above and foregoing bill of exceptions and the points therein mentioned for the allowance, settlement, and signature of the court, and the said bill of exceptions having been examined, is amended as above noted and marked; also it is provided that, if exception No. 1, concerning deposition of Williams, and the exceptions Nos. 3 and 4, concerning the testimony of Powers, are relied upon in any appellate proceedings, at least the direct examination of such witnesses must be produced before the appellate court, and in such appellate court the full charge as given to the jury must be also produced. And said bill of exceptions, as thus amended, is now allowed, settled, and signed this 13th day of December, 1895.

"Jas. H. Beatty, Judge."

There is nothing in the last-mentioned bill of exceptions to indicate that it contains the amendments spoken of in the certificate of the judge, and, even if a bill of exceptions improperly and insufficiently settled and certified can be made sufficient by producing before the appellate court the examination of witnesses that occurred in the trial court, no such testimony has been brought here. Such a certificate as that above quoted does not amount to any settlement of the bill of exceptions at all, and we are clearly of the opinion that it cannot be regarded.

Another bill of exceptions, signed by the judge, and found on page 48 of the transcript, is entitled: "Defendant's Bill of Exceptions. (To be Substituted for Instruction No. 8);" and this is followed immediately by another bill of exceptions, signed by the judge, which the record says is a "substitute for first part of No. 9." What No. 9 is, the record does not inform us. It may or may not qualify what is stated in this bill; for which reason, if for no other, the latter cannot be considered. Nor can the bill of exceptions, "To be Substituted for Instruction No. 8," be considered. To serve as an instruction is not the office of a bill of exceptions.

The one remaining bill of exceptions in the record is that found on pages 46 and 47 of the transcript, which contains an exception to the refusal of the court below to give the 1st, 6th, 9th, 10th, 13th, 15th, 16th, 17th, 18th, 19th, 20th, 22d, 23d, 24th, 25th, 26th, 27th, 28th, 29th, 30th, and 31st instructions requested by the defendant, and also an exception "to the instruction of the court given to the jury that the master was bound to furnish a safe place in which servant should work, without sufficiently instructing the jury as to what constituted a safe place"; and also an exception "to the first instruction given at the request of the plaintiff, as

to the requirement that there was a difference in amount of care, whereby the master is required to exercise a greater care than the servant"; and an exception "to the giving instructions No. 2 and No. 5 requested by plaintiff." None of the evidence given in the case is properly before us; but a careful examination and consideration of the charge of the court satisfies us that the law properly applicable to the issues presented by the pleadings was given to the jury by the court, and that, so far as the court can see from the issues in the case, such instructions requested by the plaintiff as were applicable and proper were, in substance, embodied in the charge of the court. That being so, the plaintiff has no just ground of complaint because of the failure of the court to give the instructions in the language requested. Instructions 2 and 5 requested by the plaintiff in the court below, and as given by the court, are as follows:

"No. 2. I further instruct you that the degree of care required of the master and servant also differ, because defects in the roof of a mine, that to the mind of a competent inspector, such as the master employs, portend unnecessary and unreasonable risks and great danger, may have no such significance to a laborer or miner who has had no experience in watching or caring for the roof or slopes or timbers in a mine, and the servant is not chargeable with contributory negligence unless he sees or knows the defects, or unless a reasonably intelligent and prudent man would, under like circumstances, have known and apprehended the risks which those defects indicate. To the servant the dangers and defects must have been so obvious and threatening that a reasonably prudent man would have avoided them, in order to charge the servant with contributory negligence."

"No. 5. By 'ordinary care and diligence' is meant such as men of ordinary sense, prudence, and capacity under like circumstances take in the conducting and managing of their own affairs. This varies according to the circumstances, as the risk is greater or less, and must be measured by the character and risks and exposure of the business."

In these instructions we see no error of which the plaintiff in error can properly complain.

That the court did not err in authorizing the jury, against the objections of the defendant, to return a sealed verdict, is held in the case of Concentrating Co. v. Schmelling, 79 Fed. 263. Judgment affirmed.